

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **VS.** | § § | **CASE NO. 1:08-CR-67(2)** |
| **KEVIN WAYNE HESTER** | § § | |

## FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA BEFORE THE UNITED STATES MAGISTRATE JUDGE

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On August 12, 2008, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Kevin Wayne Hester, on **Count 5** of the charging **Indictment** filed in this cause. Count 5 of the Indictment charges that in or about May of 2006, in Newton County, in the Eastern District of Texas, Defendants, Simply Aquatics, Inc., Kevin Wayne Hester, and Lyle Hester knowingly disposed of and caused to be disposed of

hazardous waste at an unpermitted facility; to wit: in or about May of 2006, Defendants, Simply Aquatics, Inc., Kevin Wayne Hester and Lyle Hester buried and caused the burial of thirty-three compressed gas cylinders under high pressure which contained a combined total of 952 pounds of chlorine gas, a characteristically reactive hazardous waste, on the premises of Kevin Wayne Hester's residential and ranching property, located at 921 County Road 3065, Kirbyville, Texas, and which is a facility that does not have a permit issued to RCRA, in violation of 42 U.S.C. § 6928(d)(2), and 18 U.S.C. § 2.

Defendant, Kevin Wayne Hester, entered a plea of guilty to Count 5 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

    a.    That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

    b.    That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

    c.    That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea. Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not

result from force, threats or promises. *See* FED. R. CRIM. P. 11(b)(2).

d. That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 42 U.S.C. § 6928(d)(2) and 18 U.S.C. § 2.

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government proffered evidence, which was admitted into the record at the plea hearing. *See Factual Basis.* If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty. Specifically, the Government and Defendant agreed that the Government would present the following stipulated facts if the case proceeded to trial:

Investigation by the Environmental Protection Agency and the Texas Department of Environmental Quality disclosed the following facts. On or about April 21, 2003, Kevin Wayne Hester, incorporated Simply Aquatics, Inc., within the State of Texas. In annual public information reports filed with the Texas Secretary of State's Office, Kevin Wayne Hester is listed as "President" of Simply Aquatics, Inc.

At all times relevant to Count 5 of the indictment, Simply Aquatics, Inc., operated its business from at least two locations: 567 County Road 3065, Kirbyville, Newton County, Texas [herein referred to as "Office"], and 5867 County Road 3068, Kirbyville, Newton County, Texas [herein referred to as "Shop Facility"].

At all times relevant to Count 5 of the indictment, Lyle Hester, Kevin Wayne Hester's father, was employed by Simply Aquatics, Inc., as the Foreman of the Shop Facility.

In or about May of 2006, Kevin Wayne Hester and Lyle Hester entered into an agreement with one another that numerous old compressed gas cylinders stored at the Shop Facility would be transported to Kevin Wayne Hester's residential and ranching property, located at 921 County Road 3065, Kirbyville, Newton County, Texas [herein referred to as "Kevin Wayne Hester's residential and ranching property"].  They further agreed that upon delivery to Kevin Wayne Hester's residential and ranching property, the old compressed gas cylinders would be disposed of by burying them in a large hole.

In or about May of 2006, Kevin Wayne Hester and Lyle Hester caused employees of Simply Aquatics, Inc., to dig a hole with dimensions of approximately 10 feet long by 10 feet wide and 10 feet deep, using a backhoe owned by Simply Aquatics, Inc., on Kevin Wayne Hester's residential and ranching property.  After the hole was dug, Lyle Hester caused an employee of Simply Aquatics, Inc., to load the numerous old compressed gas cylinders stored at the Shop Facility onto an Isuzu flatbed truck outfitted for compressed gas cylinder transportation, and to deliver the compressed gas cylinders to Kevin Wayne Hester's residential and ranching property using the aforementioned truck.  Upon arrival at Kevin Wayne Hester's residential and ranching property Lyle Hester and other Simply Aquatic's employees working at Lyle Hester's direction "off-loaded" the old compressed gas cylinders from the truck by "tossing" them from the bed of the truck into the recently dug hole.  After the old compressed gas cylinders were tossed into the hole, Lyle Hester and/or employees working at Lyle Hester's

direction again used the backhoe to cover the exposed compressed gas cylinders with dirt.

On January 8, 2007, investigators interviewed Lyle Hester. During the interview, Lyle Hester confessed to causing the transportation to and disposal of old compressed gas cylinders at Kevin Wayne Hester's residential and ranching property in approximately May of 2006. Lyle Hester said that the decision to transport and bury the old compressed gas cylinders was made by himself [Lyle Hester] and Kevin Wayne Hester. Hester said that the old compressed gas cylinders were not empty, but added that he did not remember any being full.

On January 8, 2007, investigators interviewed Kevin Wayne Hester and confessed to causing the transportation to and disposal of old compressed gas cylinders at this [Kevin Wayne Hester's] residential and ranching property in approximately May of 2006, Kevin Wayne Hester admitted that the idea to bury the old compressed gas cylinders was his, and that he involved his father, Lyle Hester, in the idea. Kevin Wayne Hester said that some of Simply Aquatics, Inc.'s part-time employees may have helped bury the cylinders.

From January 9, 2007, through January 13, 2007, investigators executed search warrants at the Shop Facility and Kevin Wayne Hester's residential and ranching property. At Kevin Wayne Hester's residential and ranching property, EPA investigators and contracted employees used ground penetrating radar to locate the compressed gas cylinder burial site. Excavation of the buried compressed gas cylinders began on January 10, 2007, and was completed on January 13, 2007. In all, 113 compressed gas cylinders were located, safely excavated, and transported by SET to their Houston, Texas, Treatment, Storage and Disposal Facility (TSD). The final analyses of the aforementioned cylinders, which was completed by SET in December of 2007,

revealed that of the 113 cylinders, 33 were under high pressure and contained a combined total of 952 pounds of chlorine gas, a characteristically reactive hazardous waste.

At all times relevant to this indictment, no permit under RCRA had been issued to Simply Aquatics, Inc., Kevin Wayne Hester or Lyle Hester allowing hazardous waste to be received, stored or disposed of at Kevin Wayne Hester's residential and ranching property.

In signing the factual basis and as stated on the record, Defendant Kevin Wayne Hester acknowledged that these acts constitute a violation of Title 42, United States Code, Section 6928(d)(2)(A) (Disposal of Hazardous Waste Without a Permit). He stipulated that the facts described above are true and correct and accepts them as the uncontroverted facts of this case.

Finally, Defendant, Kevin Wayne Hester, agreed with the facts set forth by the Government and signed the *Factual Basis*. Counsel for Defendant and the Government attested to Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 5** of the charging **Indictment** on file in this criminal proceeding. The Court also recommends that the District Court conditionally accept the plea

agreement.[1] Accordingly, it is further recommended that, Defendant, Kevin Wayne Hester, be finally adjudged as guilty of the charged offense under Title 42, United States Code, Section 6928(d)(2)(A) and 18 U.S.C. § 2.

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report. At the plea hearing, the Court admonished the Defendant that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature. The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report. *See* FED. R. CRIM. P. 11(c)(3). If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement. *See* FED. R. CRIM. P. 11(c)(3)(B). If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

favorable to Defendant than that contemplated by the plea agreement. Defendant has the right to allocute before the District Court before imposition of sentence.

## **OBJECTIONS**

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and recommendations, and from appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error. *Douglass v. United Serv. Auto. Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1). The constitutional safeguards afforded by Congress and the courts require that, when a party takes advantage of his right to object to a magistrate's findings or recommendation, a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation. *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 14th day of August, 2008.**

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE